■ In the Matter of the Claim of MARTHA A. RIVERA, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— Claimant appeals from a decision of the Unemployment Insurance Appeal Board which upheld certain periods of ineligibility for benefits. As to one period the Referee properly held that he had no jurisdiction because the request for a hearing was not timely filed. The determination was issued and mailed on May 19, 1958, and claimant did not file a request for a hearing until January 6, 1960. The only remaining question for review is the Appeal Board's decision that claimant was unavailable for employment from April 7, 1958 through April 20, 1958. Claimant lost her employment in New York on March 13, 1958, and filed for benefits on March 24, 1958. On April 7, 1958 claimant went to Puerto Rico and during her stay there she lived with her grandmother. The Referee has found and the record shows that "Claimant made no more than one contact a day" in seeking employment. "Whether a person is available for employment during a specific period is a question of fact to be determined by the referee and the Appeal Board." (*Matter of Dunn* [*Corsi*], 1 A D 2d 722.) We may not say as a matter of law that the board could not find as it did upon this record. Decision unanimously affirmed, without costs.

■ SOCONY MOBIL OIL COMPANY, INC., Appellant, v. GEORGE MACALUSO, Respondent.— Appeal from an order of the Supreme Court, Special Term entered in Jefferson County, dismissed, with $10 costs, as not properly taken to the Appellate Division of the Third Department. The motion to change the place of trial from Albany County, as not the proper county, was properly heard and determined in Jefferson County, pursuant to rule 146 of the Rules of Civil Practice, upon plaintiff's failure, after demand, either to consent thereto or to serve the affidavit required by rule 146. The order was granted expressly upon the ground that Albany County was not the proper county, and the recital in the motion papers of the additional ground of convenience of witnesses was ineffectual and does not now aid plaintiff's appeal.